# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

ALBERT McELHANEY,                    )
                                     )
                    Petitioner,      )
                                     )
vs.                                  )        NO. CIV-18-30-HE
                                     )
BEAR, et al.,                        )
                                     )
                    Respondent.      )

## ORDER

Petitioner Albert McElhaney, a state prisoner appearing *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to U.S. Magistrate Judge Bernard M. Jones for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Judge Jones conducted a preliminary review of the petition pursuant to Rule 4, Rules Governing Section 2254 Cases, made applicable to § 2241 cases by Rule 1(b). Judge Jones has issued a Report and Recommendation (the "Report") recommending that the petition be denied. Petitioner has filed an objection to the Report, which triggers *de novo* review by this court.

The Report recommends that grounds one and two of the petition be dismissed because they do not challenge the execution of his sentence or the nature of his confinement. The Report concludes that grounds one and two are actually directed at petitioner's conviction for his underlying offenses. Such claims, as the Report notes, may be appropriate in a § 2254 action, but they fail to establish a basis for relief under § 2241.

The Report recommends that grounds three and four of the petition be dismissed because they were raised and rejected in petitioner's prior § 2241 action.

Petitioner's objection to the Report argues, in various iterations,[1] that the court is mandated to bring him before the court for an inquiry to determine why he is detained, by whom he is detained, and whether his detention violates any applicable law or constitutional standard.[2] But the court does not have a mandatory duty to bring every § 2241 petitioner before the court to air their grievances and areas of concern. Section 2241 states that "[w]rits of habeas corpus may be granted by . . . district courts" not that they must be granted. 28 U.S.C. § 2241(a). Petitioner also argues, based on unidentifiable sources, that his prior habeas action decision was rendered void and that, because grounds three and four in his current petition were not heard on their merits in the prior action, they may be raised in this new application. After *de novo* review, the court concludes that neither of petitioner's objections raises a valid challenge to the Report.

---

[1] *Within his objection, petitioner states in part: "this court has a non-discretionary, constitution <u>and</u> Congress [sic] mandated duty to 'writ' petitioner <u>before</u> this court <u>for</u> 'inquiry'"; the §2241 "application <u>clearly</u> states at the mandatory habeas <u>hearing</u>, everything will be expanded <u>and</u> proven"; "Rule (4) can not avoid this sworn constitutional duty under the Constitution <u>mandating</u> the court writ petitioner <u>before</u> this court <u>and</u> conduct the 'inquiry'"; the cites "the magistrate uses can <u>not</u> deny due process <u>and</u> equal protection of law rights of congressional acts, <u>and</u> the constitution <u>to</u> writ the applicant before the court before the court can have jurisdiction to grant or deny relief (28 U.S.C. § 1651 <u>and</u> 28 U.S.C. § 2241)."*

[2] *Because petitioner appears* pro se, *his pleadings are construed liberally, but "the court cannot take on the responsibility of serving as the litigant's attorney in construing arguments and searching the record." <u>Garrett v. Selby Conner Maddux & Janer</u>, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).*

Accordingly, because the court concludes that petitioner's grounds one and two are not properly raised in a § 2241 action, <u>Leatherwood v. Allbaugh</u>, 861 F.3d 1034, 1041-42 (10th Cir. 2017), and because it is proper to decline to consider grounds previously raised and adjudicated in an earlier habeas proceeding unless the court determines that hearing the claims would serve the ends of justice, <u>Stanko v. Davis</u>, 617 F.3d 1262, 1269 (10th Cir. 2010), the court **ADOPTS** the Report and Recommendation [Doc. #9]. Grounds one and two of the petition are **DISMISSED** without prejudice and grounds three and four of the petition are **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

Dated this 16th day of February, 2018.

_____

JOE HEATON

CHIEF U.S. DISTRICT JUDGE