# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALBERT McELHANEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-18-0030-HE |
| | ) | |
| BEAR, et al., | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING CERTIFICATE OF APPEALABILITY

The court previously adopted Magistrate Judge Bernard M. Jones's Report and Recommendation dismissed petitioner's claims under 28 U.S.C. § 2241. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the court denies a certificate of appealibility ("COA").

Pursuant to 28 U.S.C. § 2253(c)(1), petitioner may not appeal the denial of his habeas petition unless he obtains a COA. A COA is claim specific and appropriate only if petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2), (c)(3). When a claim has been dismissed on a procedural ground, petitioner faces a "double hurdle." Coppage v. McKune, 534 F.3d 1279, 1281 (10th Cir. 2008).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Having thoroughly reviewed each issue raised by petitioner, the court concludes that, for the reasons set forth in the court's order adopting the Report and Recommendation, petitioner's claims do not satisfy the standard for granting of a COA. Therefore, the court **DENIES** a COA as to all of petitioner's grounds for relief.

**IT IS SO ORDERED**.

Dated this 2nd day of March, 2018.

_____
JOE HEATON
CHIEF U.S. DISTRICT JUDGE